## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID NEY, | : |
| Plaintiff, | : Civil Action No. 06-4354 (JKG) |
| v. | : |
| OPEN SOLUTIONS INC., | : |
| Defendant. | : |

## PROPOSED JOINT JURY INSTRUCTIONS OF
## PLAINTIFF DAVID NEY AND DEFENDANT OPEN SOLUTIONS INC.

Plaintiff, David Ney, and defendant, Open Solutions Inc., through their respective undersigned counsel, hereby submit the following proposed joint jury instructions.  As provided for in the Court's jury trial attachment order, dated January 9, 2007, the parties will each submit separately those jury instructions upon which, despite their good faith efforts, the parties could not reach agreement.

Respectfully submitted,

_____
Mark S. Sigmon, Esquire
Sigmon & Sigmon, P.C.
146 E. Broad Street
P.O. Box 1365
Bethlehem, PA 18016

Attorneys for Plaintiff
David Ney


Respectfully submitted,

_____
Scott L. Vernick, Esquire
David H. Colvin, Esquire
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103

Attorneys for Defendant
Open Solutions Inc.


Dated: October 8, 2007

## INSTRUCTION No. 1

## PRELIMINARY INSTRUCTIONS – GENERAL

### Nature of Action—Procedure—Caution

### 1.01 Pa. S. S. C. J. I. (Civ).

# INSTRUCTION No. 2

## DUTY OF CITIZENS TO SERVE AS JURORS

### 1.03 Pa. S. S. C. J. I. (Civ).

## INSTRUCTION No. 3

**EXCUSING JURORS FOR PERSONAL REASONS BASED ON LENGTH OF TRIAL**

**1.04 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 4

### NUMBER OF JURORS TO BE SELECTED AND PROCEDURE FOR TAKING POSITION IN JURY BOX

**1.05 Pa. S. S. C. J. I. (Civ).**

## <u>INSTRUCTION No. 5</u>

**INTRODUCTION OF PARTIES, COUNSEL, AND POTENTIAL WITNESSES**

**1.06 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 6

**Corporate Parties**

**Modern Federal Jury Instructions Instruction 72-1.**

## INSTRUCTION No. 7

**TYPE OF CASE**

**1.07 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 8

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

**1.08 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 9

**ALTERNATES**

**1.33 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 10

**DUTY OF JURY**

**1.34 Pa. S. S. C. J. I. (Civ).**

**<u>INSTRUCTION No. 11</u>**

**OUTLINE OF TRIAL**

**1.36 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 12

**BENCH CONFERENCES AND RECESSES**

**1.37 Pa. S. S. C. J. I. (Civ).**

**<u>INSTRUCTION No. 13</u>**

**RULING ON OBJECTIONS**

**1.38 Pa. S. S. C. J. I. (Civ).**

### INSTRUCTION No. 14

### QUESTIONS BY JURORS

**1.40 Pa. S. S. C. J. I. (Civ).**

## <u>INSTRUCTION No. 15</u>

**BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE**

**1.42 Pa. S. S. C. J. I. (Civ).**

## <u>INSTRUCTION No. 16</u>

**CREDIBILITY OF WITNESSES GENERALLY**

**1.44 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 17

**DISCREPANCIES IN TESTIMONY**

**1.45 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 18

**WITNESS WILLFULLY FALSE**

**1.46 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 19

**EVIDENCE**

**1.48 Pa. S. S. C. J. I. (Civ).**

**INSTRUCTION No. 20**

 The deposition testimony of any party or witness is substantive evidence and should be considered by the jury as though the answers had been provided at trial.  See <u>Flynn v. City of Chester</u>, 429 Pa. 170, 239 A.2d 322 (1968).

**INSTRUCTION No. 21**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**1.49 Pa. S. S. C. J. I. (Civ).**

**<u>INSTRUCTION No. 22</u>**

**NO TRANSCRIPT AVAILABLE TO JURY**

**1.50 Pa. S. S. C. J. I. (Civ).**

## <u>INSTRUCTION No. 23</u>

**NOTE-TAKING BY JURORS**

**1.51 Pa. S. S. C. J. I. (Civ) (Second Alternative).**

**<u>INSTRUCTION No. 24</u>**

**CONDUCT OF THE JURY**

**1.52 Pa. S. S. C. J. I. (Civ).**

**<u>INSTRUCTION No. 25</u>**

**DEPOSITION TESTIMONY**

**2.05 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 26

**STIPULATIONS OF FACT**

**2.11 Pa. S. S. C. J. I. (Civ) (First Alternative).**

## INSTRUCTION No. 27

**IMPEACHMENT OR CORROBORATION OF WITNESS
BY PRIOR INCONSISTENT OR CONSISTENT STATEMENT**

**2.20 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 28

**NUMBER OF WITNESSES**

**5.03 Pa. S. S. C. J. I. (Civ).**

## **INSTRUCTION No. 29**

**CONFLICTING TESTIMONY**

**5.04 Pa. S. S. C. J. I. (Civ).**

**<u>INSTRUCTION No. 30</u>**

**WILLFULLY FALSE TESTIMONY**

**5.05 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 31

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

**5.07 Pa. S. S. C. J. I. (Civ).**

### INSTRUCTION No. 32

**CAUTIONARY CHARGE: JURY NOT TO ASSUME
JUDGE HAS EXPRESSED AN OPINION ON THE EVIDENCE**

**5.40 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 33

**BURDEN OF PROOF**

**5.50 Pa. S. S. C. J. I. (Civ).**

**INSTRUCTION No. 34**

**CONTRACT INTERPRETATION**

Because I have determined that one or more of the contracts at issue are ambiguous, it is your job to interpret the meaning of the contract(s).  <u>See</u> <u>Polish American Machinery Corp. v. R.D.&D. Corp.</u>, 760 F.2d 507, 512 (3d Cir. 1985).

## INSTRUCTION No. 35

**BURDEN OF PROOF ON PARTY BRINGING ACTION—GENERALLY**

**15.22 Pa. S. S. C. J. I. (Civ).**

## **INSTRUCTION No. 36**

**DAMAGES—GENERALLY**

**15.26 Pa. S. S. C. J. I. (Civ).**

## <u>INSTRUCTION No. 37</u>

**DAMAGES — EXPECTATION INTEREST
LOST BENEFIT OF THE BARGAIN**

**15.27 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 38

**CONCLUDING INSTRUCTIONS GENERALLY**

**20.00 Pa. S. S. C. J. I. (Civ).**

## INSTRUCTION No. 39

**POST-DELIBERATION COMMUNICATION WITH JURORS
(CONTACTED BY COUNSEL)**

**20.10 Pa. S. S. C. J. I. (Civ).**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID NEY,                              :

                      Plaintiff,        :        Civil Action No. 06-4354 (JKG)

            v.                          :

OPEN SOLUTIONS INC.,                    :

                      Defendant.        :

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing joint proposed jury instructions was served this day via overnight delivery as follows:

> Mark S. Sigmon, Esquire
> Sigmon & Sigmon, P.C.
> 146 E. Broad Street
> P.O. Box 1365
> Bethlehem, PA 18016
>
> Attorneys for Plaintiff
> David Ney

_____
David H. Colvin, Esquire

Dated: October 8, 2007